UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY COPENY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00923-TWP-TAB |
| | ) |
| DIANA ENGLAND, | ) |
| MATT EVANS, | ) |
| DIANA WRIGHT, | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

On May 31, 2024, *pro se* Plaintiff Gary Copeny ("Copeny") initiated this civil action by filing his fill-in-the-blank Complaint for a Civil Case against Defendants Diana England, Matt Evans, and Diana Wright (collectively, "Defendants") (Dkt. 1). Also on May 31, 2024, Copeny paid the filing fee for bringing this action. This matter is now before the Court for screening.

**I.     DISCUSSION**

**A.     Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as

when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**B.**     **Plaintiff's Complaint**

Copeny initiated this civil action by filing his Complaint for a Civil Case (Dkt. 1) against Defendants, asserting claims under the Fair Housing Act of 1968, the Civil Rights Act of 1964, 18 U.S.C. § 1584 ("Section 1584"), and the Fourth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution, as well as state tort law claims. In his Complaint, Copeny does not indicate the basis for this Court's jurisdiction over this case. *Id.* at 2. In his Complaint, Copeny alleges the Defendants are all citizens of the state of Indiana (Dkt. 1 at 3, 5; Dkt. 1-1 at 1), so this Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

The Court therefore assumes that Copeny is asking the Court to invoke federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331. Copeny's claims arise from his purchase of a home in September 2022 in Hancock County, Indiana, though Copeny also generally alleges "constant . . . continuous illegal criminal activity by the management, military person[n]el, criminal police officers, government retaliation, and vagrants" (Dkt. 1 at 6). He alleges that he is

the only minority within his community and that he has suffered ongoing discrimination and mistreatment "by whites." *Id.*

Copeny alleges that he was defrauded in the purchase of his home due to his race. He gave "the management" $5,000.00 in earnest money for his home and was told that the entire amount would be returned to him at closing. But he only received $776.00 at closing. *Id.* During closing, "the Title Company" told Copeny that no one would have keys to Copeny's property, and that an extra set of keys would be kept in a safe in the Title Company's office. *Id.* at 7. However, after moving into his home, people used keys to unlawfully enter his home and assault him in his sleep. *Id.* Further, "other criminals" committed further crimes against him by using x-ray vision glasses to see through the walls, roof, and foundation of his home. *Id.* at 7–8.

**C.    Dismissal of Plaintiff's Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

1. **Plaintiff's Allegations Against the Named Defendants**

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Copeny's action because of numerous issues. As a general matter, the Court cannot discern from the Complaint how the named Defendants are involved in this action. Copeny's references to "management" and the "Title Company" do not provide clarity. The Complaint does not describe the Defendants' relationship to this action, nor does it assert any factual allegation about any specific Defendant. Even giving the Complaint liberal construction, the Court cannot discern within it any plausible federal claim against any specific Defendant. Copeny's federal and state law claims suffer from additional, more specific deficiencies.

2. **Plaintiff's Federal Claims**

Copeny asserts federal claims under the United States Constitution, Section 1584, the Civil Rights Act, and the Fair Housing Act. As to Copeny's constitutional claims, the Complaint fails to allege a specific constitutional violation by any specific Defendant, and there is no factual basis

upon which this Court could conclude that any of the Defendants was responsible for violating Copeny's federally secured rights. Moreover, Defendants, who are allegedly real estate managers and/or agents, are presumably private citizens, and a plaintiff may not sue a private citizen for a constitutional violation—instead, only state or governmental actors can be held liable for constitutional violations. *See Patel v. Heidelberger*, 6 Fed. App'x 436, 437 (7th Cir. 2001) ("[Plaintiff] may not bring a [constitutional] claim against a private citizen who is not acting under the color of state law.").

Copeny's claim under Section 1584 must also be dismissed because Section 1584 is a criminal statute and does not provide a private civil right of action. *See Buchanan v. City of Bolivar*, 99 F.3d 1352 (6th Cir. 1996). Copeny's cause of action for involuntary servitude, if any, would lie in the Thirteenth Amendment, but for the reasons explained above, Copeny cannot assert a Thirteenth Amendment claim against the named Defendants.

Additionally, the Complaint does not adequately allege a claim under the Civil Rights Act of 1964. The Civil Rights Act prohibits discrimination in several contexts, including employment, but it does not apply to housing discrimination. Because Copeny's claims are based on alleged housing discrimination, his claims under the Civil Rights Act of 1964 must be dismissed.

Lastly, the Complaint does not adequately allege any claims under the Fair Housing Act. The Fair Housing Act makes it unlawful to "make unavailable or deny a dwelling" or "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services of facilities in connection therewith," on the basis of that person's race, color, religion, sex, familial status, or national origin. 42 U.S.C. §§ 3604(a)–(b). The Complaint does not contain sufficient factual allegations from which the Court could infer racial discrimination in the sale, terms, conditions, or provision of services for Copeny's home. Copeny's specific complaints

arise from "the management's" failure to return all of Copeny's earnest money at closing, and to criminal conduct by "vagrants." The Complaint does not allege any facts showing that these incidents are related to Copeny's race. Further, the Complaint does not allege that the named Defendants knew about, directed, or could have prevented the alleged criminal conduct. Copeny's general allegation that he "is being intentionally harmed by whites" fails to adequately allege a claim against the named Defendants.

For all of the above reasons, Copeny's Complaint fails to adequately state a claim for relief under federal law.

### 3. Plaintiff's State Law Claims

Because Copeny has not sufficiently alleged his federal claims, he is left with his state law tort claims. However, this Court may not exercise federal jurisdiction over state law claims if diversity jurisdiction is lacking. The Complaint alleges that all parties are Indiana citizens (Dkt. 1 at 3, 5; Dkt. 1-1 at 1). Absent diversity, the Court may not exercise jurisdiction over Copeny's state law claims. *See Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Copeny's state law claims must therefore be dismissed for failure to state a claim.

### D. Opportunity to Show Cause

Copeny shall have through **July 26, 2024**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Copeny elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiffs claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## II.   CONCLUSION

Having screened the Complaint, the Court finds this action is subject to dismissal for lack of jurisdiction. Copeny is granted leave to file an amended complaint by no later than **July 26, 2024**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date: 6/24/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GARY COPENY
7021 Lillian Place
Indianapolis, IN 46229